■ Teh-An Liu, Appellant, v Cheng Tsu Wu, Respondent. [701 NYS2d 7] —Order, Supreme Court, Bronx County (George Friedman, J.), entered on or about April 8, 1998, which granted defendant's motion for a directed verdict at the end of plaintiff's case and dismissed plaintiff's complaint, unanimously affirmed, without costs.

This action for fraud, commenced more than a decade subsequent to the alleged fraud and more than two years after the fraud should have been discovered had plaintiff exercised reasonable diligence, was properly dismissed as time-barred (CPLR 203 [f]; 213 [8]). The fraud, as alleged, occurred in 1982, when plaintiff loaned defendant some $70,000 to be invested in a restaurant business, yet although plaintiff, according to his testimony, knew by 1992 that defendant was not going to repay the $70,000 and that "this man [defendant] had been all the time cheating me", he did not commence his action premised on defendant's purported misrepresentations as to how the money would be invested and eventually repaid until August 1995. In view of the fact that plaintiff was on inquiry notice of the alleged fraud in 1992, his testimony regarding a 1993 meeting with defendant did not alter the conclusion that his action was time-barred when it was commenced in 1995. Were the complaint not time-barred, the action would still have been properly dismissed at the conclusion of plaintiff's case inasmuch as plaintiff failed to present a prima facie case to substantiate his allegations that defendant did not invest the money as the parties intended. Concur—Sullivan, J. P., Nardelli, Wallach, Saxe and Friedman, JJ.